**HE PING CHEN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
Respondent.

No. 04–3991–ag.

United States Court of Appeals,
Second Circuit.

Oct. 31, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Vipal J. Patel, Assistant United States Attorney (Gregory G. Lockhart, United States Attorney for the Southern District of Ohio, on the brief), Dayton, Ohio, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

He Ping Chen, a citizen of the People's Republic of China, petitions for review of a June 28, 2004 order of the BIA affirming a January 24, 2003 decision of Immigration Judge ("IJ") Helen Sichel denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and finding that he submitted a frivolous application for asylum. *In re He Ping Chen*, No. A 77 340 239 (B.I.A. June 28, 2004), *aff'g* No. A77 340 239 (Immig. Ct. N.Y. City Jan. 24, 2003). We assume the parties' familiarity with the facts and relevant procedural history of this case.

Where, as here, the BIA affirms the IJ's decision and modifies it, we review the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review an IJ's factual findings under the substantial evidence standard, affirming so long as the findings are supported by "reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted). Our review of credibility determinations is "highly deferential." *See*

*Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006).

■ Contrary to Chen's assertion, substantial evidence supports the IJ's adverse credibility determination. First, the IJ relied on the inconsistency between Chen's asylum application and hearing testimony, in which he stated that authorities had forced his wife to have an abortion after discovering her in hiding, and his responses during his credible fear interview, in which he made no mention of the abortion. The IJ did not err in giving weight to Chen's statements at the credible fear interview because they bear indicia of reliability: the interview was transcribed verbatim; the interviewer elicited details regarding Chen's claim; and Chen's answers, as the IJ noted, were "very detailed, coherent and articulate," which suggests that Chen was neither afraid to be forthcoming with the interviewer nor confused by poor translation. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir.2004). For the same reasons, the IJ also did not err in rejecting Chen's explanation that he failed to mention the abortion during the credible fear interview because he was nervous. Second, the IJ properly relied on the multiple, inconsistent explanations Chen gave during the hearing regarding how he had obtained the abortion certificate and why it was dated significantly after the abortion. Because all of these inconsistencies bear on Chen's claim that he faces family-planning persecution, and thus go to the "heart" of his asylum claim, *see Secaida–Rosales*, 331 F.3d at 308, the IJ reasonably relied on them in finding that Chen was not credible.

■ Chen also challenges the IJ's reliance on a State Department report in deciding to give "diminished weight" to his wife's abortion certificate. The IJ limited her reliance on Chen's documents in part

because the 1998 China Country Profile stated that documents that "verify ... birth control measures" were "subject to widespread fabrication and fraud" in Chen's region. Although we have cautioned against "excessive reliance" on State Department reports, they "often provide a useful and informative overview of conditions in the applicant's home country." *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004). The IJ considered Chen's testimony about the abortion certificate, but remained unconvinced of the certificate's authenticity because of Chen's inability to explain how he obtained it or why it was dated more than one year after the abortion. The IJ thus properly gave diminished weight to the certificate because of concerns about its legitimacy created not only by the Country Profile but also by Chen's own testimony.

■ We nevertheless agree with Chen that the IJ improperly concluded that it was "completely implausible" that Chen and his wife received their passport and identification card, respectively, while his wife was in hiding. Without any supporting evidence about document-issuance practices or policies in China, this finding was impermissibly speculative. *Cf. Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 405 (2d Cir.2005) (finding improper speculation where, in the absence of evidence about practices in China, the IJ presumed that a midwife could not obtain a hospital birth certificate for a child delivered elsewhere). Given that the IJ relied primarily on the inconsistencies in Chen's testimony and between his testimony and the credible fear interview, however, we are confident that the IJ would have reached the same result without this implausibility finding. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006). Similarly, because the IJ's one passing reference to the vagueness of

Chen's testimony was immaterial, we reject Chen's contention that the IJ erred by characterizing his testimony as vague.

■ Because Chen offered primarily his own testimony in support of all of his claims for relief, the IJ did not err in denying those claims after making an adverse credibility determination. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006) ("Because that same factual assertion was needed for either the asylum or the withholding claim, the [adverse] credibility ruling necessarily foreclosed relief in both."); *id.* at 157 ("[A] petition for CAT relief may fail because of an adverse credibility ruling rendered in the asylum context where the factual basis for the alien's CAT claim was the same as that rejected in his asylum petition.").

■ We remand the IJ's frivolousness determination because we are unable to determine whether the BIA affirmed this finding. The BIA's order stated only that it affirmed the IJ's decision "insofar as she found that the respondent had not satisfied the burden of proof for the relief sought," but did not explicitly reference the frivolousness finding. Moreover, we have recently held that the BIA has not clearly articulated "when and under what circumstances a finding of frivolousness is proper." *Yuanliang Liu v. U.S. Dep't of Justice,* 455 F.3d 106, 116 (2d Cir.2006). We remand so that the BIA may clarify its holding and, if it affirms the frivolousness determination, apply the standards it develops in response to *Yuanliang Liu.*

Accordingly, the petition for review is DENIED as to the claims for relief, the petition for review is GRANTED and the BIA's order is VACATED as to the frivolousness determination, and the case is REMANDED for further proceedings not inconsistent with this order. The pending

motion for a stay of removal is DENIED as moot.